UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA SPARKS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF TURLOCK, *et al.*,<br><br>    Defendants. | Case No.  2:25-cv-1298-DAD-JDP (PS)<br><br>ORDER |

Plaintiff Christina Sparks, proceeding without counsel, filed this action against the City of Turlock, Turlock Police Department, Turlock Police Officers Kim Briggs and Austin Wilson, Stanislaus County District Attorney's Office, Stanislaus County Superior Court Judge Jack Mark Jacobson.  The complaint fails to state a cognizable claim.  I will dismiss it with leave to amend to afford plaintiff an opportunity to cure the deficiencies herein noted.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2), but deny her motion for electronic filing, ECF No 3.[1]

---

[1] Generally, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3). Plaintiff's motion does not demonstrate good cause to depart from the normal filing procedure for unrepresented litigants. The motion is denied.

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint centers around a kidnapping that occurred in 2012. *See* ECF No. 1 at 4. Plaintiff alleges that while she was pumping gas, her child's father, against whom she had a restraining order, assaulted her and took their minor child out of her car. *Id.* Defendant Turlock Police Officers Briggs and Wilson were dispatched to the scene. *Id.* Plaintiff told them what

happened and asked both to file a missing person report and to arrest the child's father. *Id*. at 4-5. Briggs and Wilson did not act on either of her requests. *Id.* at 5. Plaintiff then sought assistance from the Stanislaus District Attorney's Office, but the office declined to press charges. *Id.* The Stanislaus Superior Court also failed to grant plaintiff an emergency custody order for the return of her child. *Id.* at 6.

Approximately a year later, the child's paternal grandparents assumed guardianship and, in 2018, adopted the child. *Id.* Plaintiff's parental rights were terminated in 2017. *Id.* During the proceeding on plaintiff's parental rights, she alleges that defendant Judge Jacobson refused to allow her to present evidence and engaged in ex parte communication (by not having a court reporter present). *Id.*

Plaintiff alleges that defendants violated her First, Fourth, Fourteenth Amendment rights, 18 U.S.C. § 241, and various state laws. *Id.* at 6-14.

At the outset, plaintiff's claims appear to be time barred. Section 1983 does not contain its own statute of limitations. Without a federal limitations period, the federal courts "'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (quoting *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)). California's statute of limitations for personal injury claims is two years. *See* Cal. Civ. P. Code § 335.1; *Canatella*, 486 F.3d at 1132. Because the incident complained about occurred well over a decade ago, the court will presume that the claims are barred.

Additionally, defendant Judge Jacobson is immune. "It is well settled that judges are generally immune from civil liability under [§ 1983]." *Meek v. Cnty. Of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam)). The Supreme Court has explained this immunity by reasoning that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). A judge's errors should be corrected on appeal, not by subsequent civil litigation, because civil liability "would contribute

3

1  not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547,
2  554 (1967); *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curiam).  Indeed, judicial
3  immunity is so firmly grounded in our jurisprudence that it cannot be defeated by procedural error
4  or malicious, biased, or controversial actions.  *Mireles*, 502 U.S. at 11 (malicious action does not
5  defeat judicial immunity); *Stump v. Sparkman*, 435 U.S. 349, 359, 363-64 (1978) (procedural
6  error does not defeat judicial immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986)
7  (en banc) (conspiracy and bribery do not defeat judicial immunity); *Lopez v. Vanderwater*, 620
8  F.2d 1229, 1234 (7th Cir. 1980) (prejudice does not defeat judicial immunity).

9  There are two exceptions to judicial immunity: (1) allegations arising from "actions not
10  taken in the judge's judicial capacity," and (2) judicial actions taken "in the complete absence of
11  all jurisdiction."  *Mireles*, 502 U.S. at 11-12; *In re Complaint of Judicial Misconduct*, 366 F.3d
12  963, 965 (9th Cir. 2004).  A judge acting in "excess of his jurisdiction" still receives immunity
13  "so long as the acts themselves were judicial."  *Rosenthal v. Justices of the Supreme Ct. of Cal.*,
14  910 F.2d 561, 565-66 (9th Cir. 1990) (citing *Stump*, 435 U.S. at 355-57, and *Bradley*, 80 U.S. at
15  351).

16  Plaintiff's complaint specifically alleges that defendant operated within his judicial
17  capacity and with jurisdiction when performing the allegedly unconstitutional acts.  *See* ECF No.
18  1 at 3-5.  Plaintiff alleges that defendant violated her constitutional rights barring plaintiff from
19  presenting her own case and evidence and for failing to have a court reporter.  Both of these
20  allegations confirms that the alleged violations occurred when defendant was performing his core
21  judicial duties, within jurisdictional boundaries.  Defendant is therefore protected by absolute
22  immunity from all of plaintiff's claims.  *See Palken v. Olds*, No. 3:20-cv-129-BLW, 2020 WL
23  3451687, at *1 (D. Idaho June 24, 2020) (find that the plaintiff's claims against the defendant
24  judge for ignoring her evidence and being hostile to the plaintiff's case did not overcome judicial
25  immunity); *Seifert v. Pritchard*, No. 1:24-cv-1097-KES-CDB, 2025 WL 745852, at *6 (E.D. Cal.
26  Mar. 7, 2025) (finding that the defendant judge who presided over the plaintiff's small claim
27  court trial was judicial immune from plaintiff's § 1983 claims).

28  Finally, plaintiff cannot bring a claim under 18 U.S.C. § 241.  Federal criminal statutes

1  that do not provide private rights of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.
2  1980) (holding that there is no private right of action under 18 U.S.C. § 241).

3        Plaintiff's remaining claims allege violations of California law. Because the complaint
4  fails to establish diversity jurisdiction, the court's jurisdiction depends on whether plaintiff asserts
5  a claim arising under federal law.[2] *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan Am.*
6  *World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must
7  specifically allege diverse citizenship of all parties to invoke diversity jurisdiction). Since
8  plaintiff has not stated a federal claim, the court should decline to exercise supplemental
9  jurisdiction over plaintiff's state law claims and dismiss those claims. *See* 28 U.S.C. § 1367(c)(3)
10 (district court may decline supplemental jurisdiction over claim where "court has dismissed all
11 claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343,
12 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the
13 balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,
14 convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the
15 remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)
16 ("Needless decisions of state law should be avoided both as a matter of comity and to promote
17 justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

18       I will dismiss the complaint with leave to amend so that plaintiff may have an opportunity
19 to remedy these deficiencies. If plaintiff decides to file an amended complaint, the amended
20 complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1
21 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its
22 face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended
23 complaint is filed, the current one no longer serves any function. Therefore, in an amended
24 complaint, as in the original, plaintiff will need to assert each claim and allege defendant's
25 involvement in sufficient detail. The amended complaint should be titled "First Amended
26 Complaint" and refer to the appropriate case number. If plaintiff does not file an amended
27
28     [2] The complaint alleges that all parties are domiciled in California. ECF No. 1 at 3-4.

complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

6. Plaintiff's motion for electronic filing, ECF No. 3, is denied.

IT IS SO ORDERED.

Dated:   May 16, 2025                            _____
                                                 JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE