UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA SPARKS, | Case No. 2:25-cv-1298-DAD-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF TURLOCK, *et al.*, | |
| Defendants. | |

Plaintiff Christina Sparks, proceeding without counsel, names in her first amended complaint the City of Turlock and Turlock Police Department. The complaint fails to state a cognizable claim. I will dismiss it with leave to amend to afford plaintiff a final opportunity to cure the deficiencies herein noted.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The factual allegations remain largely unchanged from plaintiff's initial complaint. *See generally* ECF No. 1. Plaintiff alleges that in 2012, while she was at a gas station, the father of one of her children kidnapped the child and assaulted plaintiff. ECF No. 5 at 8. Plaintiff immediately reported the incident to the Turlock Police Department, but the officers refused to investigate, advising plaintiff that it was a civil matter. *Id.* Plaintiff claims that defendants' inaction led to the father of her child retaining custody and jeopardizing her parental rights. *Id.* In 2018, plaintiff lost her parental rights on account of her abandonment of the child. *Id.*

Plaintiff alleges that defendants violated her Fourteenth Amendment rights, both her due process and equal protection rights, the Violence Against Women Act ("VAWA") 34 U.S.C. §§ 12291-12298, negligence, and deliberate indifference. *Id.* at 10-12.

As previously explained in the court's prior screening order, plaintiff's claims appear to be time barred. Section 1983 does not contain its own statute of limitations. Without a federal

1    limitations period, the federal courts "'apply the forum state's statute of limitations for personal
2    injury actions, along with the forum state's law regarding tolling, including equitable tolling,
3    except to the extent any of these laws is inconsistent with federal law.'" *Canatella v. Van De*
4    *Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (quoting *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir.
5    2004)). California's statute of limitations for personal injury claims is two years. *See* Cal. Civ. P.
6    Code § 335.1; *Canatella*, 486 F.3d at 1132. Considering that the incident is alleged to have
7    occurred well over a decade ago, the court will presume that the claims are barred.

8          In her amended complaint, plaintiff alleges that the statute of limitations should be tolled
9    on three accounts. ECF No. 5 at 9-10. First, she points to California Penal Code section 799 and
10   18 U.S.C. § 3281. However, neither of those statutes provide tolling. 18 U.S.C. § 3281 provides
11   that "[a]n indictment for any offense punishable by death may be found at any time without
12   limitation." Plaintiff has not alleged that the crime committed by her child's father is punishable
13   by death. Further, plaintiff's reliance on California Penal Code section 799 is unfounded. That
14   statute lists crimes that are punishable by death or life in prison in California, crimes such as
15   embezzlement of public money, rape, and other sexual conduct crimes. Plaintiff next alleges that
16   the statute of limitations should not begin until 2018, when the wrongful conduct stopped. Even
17   assuming that timeline is correct, conduct occurring in 2018 is still barred by California's statute
18   of limitations. *See* Cal. Civ. P. Code § 335.1; *Canatella*, 486 F.3d at 1132. Finally, plaintiff
19   alleges that her claims related to the kidnapping is tolled in California until the minor is eighteen,
20   citing California Penal Code section 352.[1] Again, even assuming that is accurate, plaintiff's
21   claims that defendants failed to arrest her child's father do not give cause to toll time; that statute
22   tolls time for when a suspect can be arrested for a crime, and so is inapplicable here.

23         Finally, plaintiff's claims under VAWA (the Violence Against Women Act) fail. VAWA
24   is a statute that provides protections for persons who have experienced domestic violence, dating
25   violence, sexual assault, and stalking. *See* 34 U.S.C. § 12291 *et seq.* Plaintiff has not alleged
26   facts showing relief is warranted under VAWA.

27

28         [1] California Penal Code section 352 has been repealed.

3

Plaintiff's remaining claims allege violations of California law. Because the complaint fails to establish diversity jurisdiction, the court's jurisdiction depends on whether plaintiff asserts a claim arising under federal law.[2] *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must specifically allege diverse citizenship of all parties to invoke diversity jurisdiction). Since plaintiff has not stated a federal claim, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss those claims. *See* 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction over claim where "court has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

I will dismiss the complaint with leave to amend so that plaintiff may have an opportunity to remedy these deficiencies. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

---

[2] The complaint alleges that all parties are domiciled in California. ECF No. 5 at 8.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's amended complaint, ECF No. 5, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    June 23, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE