UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA SPARKS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF TURLOCK, *et al.*,<br><br>    Defendants. | Case No.  2:25-cv-1298-DAD-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Christina Sparks, proceeding without counsel, brings this action against the City of Turlock and the father of her child, Evan Rice.  The second amended complaint suffers from the same deficiencies noted in the prior screening order.  Therefore, I recommend that the complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
2  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
3  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
4  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
5  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
7  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8  n.2 (9th Cir. 2006) (en banc) (citations omitted).

9  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
10  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
11  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

16  **Analysis**

17  Plaintiff brings this action against the City of Turlock and her child's father, Evan Rice.
18  The factual allegations have remained the same throughout plaintiff's amended complaints.
19  *See generally* ECF No. 1 & 5.  Plaintiff alleges that in 2012, while she was at a gas station, Rice
20  kidnapped their child and assaulted plaintiff.  ECF No. 7 at 2.  Plaintiff immediately reported the
21  incident to the Turlock Police Department, but the officers refused to investigate or arrest Rice.
22  *Id.*  Plaintiff claims that defendants' inaction led to Rice retaining custody and jeopardized her
23  parental rights.  *Id.*

24  Plaintiff alleges that defendants violated her and her child's Fourth Amendment rights, her
25  Fourteenth Amendment rights, specifically, violations of both the Due Process and Equal
26  Protection Clauses, and state law claims for conspiracy, intentional infliction of emotional
27  distress, and California's Bane Act.  For the following reasons, I find that plaintiff has failed to
28  state a claim for relief.

1    As explained in the court's prior orders, plaintiff's claims appear to be time-barred. Section 1983 does not contain its own statute of limitations, and without a federal limitations period, the federal courts "'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (quoting *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)). California's statute of limitations for personal injury claims is two years. *See* Cal. Civ. P. Code § 335.1; *Canatella*, 486 F.3d at 1132.

In her amended complaint, plaintiff alleges that the statute of limitations should be tolled because she only recently learned the full extent of damages resulting from defendants' actions. ECF No. 7 at 3. This allegation is contradicted by plaintiff's other allegations, however. Plaintiff alleges that she was present when Rice took their child and contacted law enforcement the same day, back in 2012. Plaintiff has not explained how she has recently learned of the damages that she is alleging occurred in 2012.

But even if the court were to look past the statute of limitations issue, the claims remain insufficient. First, plaintiff does not have standing to assert a Fourth Amendment right on behalf of her child, and she has not alleged that she was ever searched or seized by a government official. Next, nothing in the complaint demonstrates either a Due Process or Equal Protection claim. And *Monell* liability must attach to a violation of an underlying right. Because plaintiff has not alleged a violation of her constitutional rights, there can be no *Monell* liability stemming from the City.

Plaintiff alleges that her child's Fourth Amendment rights were violated. However, plaintiff cannot assert her child's harm as her own claim. *See Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.") (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969)). Additionally, plaintiff—who is proceeding without counsel—cannot assert claims on behalf of others. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (pro se plaintiffs are generally prohibited "from pursuing claims on behalf of others in a representative capacity"); *Johns v. Cnty.*

3

*of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (a parent may not bring suit on behalf of a minor child without first retaining an attorney).

Further, plaintiff has not alleged facts demonstrating a violation of her Fourth Amendment rights. "To succeed on a § 1983 claim, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. Plaintiff's conclusory allegation that she was seized, without more, is insufficient to sustain a Fourth Amendment claim.

Plaintiff's equal protection claim is equally insufficient. The Equal Protection Clause provides "that no State shall deny to any person within its jurisdiction the equal protection of the laws[.]" U.S. Const. Amend. XIV. The Equal Protection Clause requires that persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439; *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

To state a § 1983 claim based on a violation of the Equal Protection Clause, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of individuals which included plaintiff, and that such conduct did not relate to a legitimate state purpose. Further, plaintiff must allege discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003).

Plaintiff does not allege that she is a member of any suspect or protected class, and she fails to allege that any defendant denied her any rights based on membership in any suspect or protected class. Plaintiff also alleges no discriminatory intent by any named defendant; she does not, for example, allege that any defendant *intended* to discriminate against her. Plaintiff's conclusory allegations that she was denied equal protection are insufficient. She also does not allege that she was intentionally treated differently than other similarly situated individuals without a basis rationally related to a legitimate state purpose.

4

To state a substantive or procedural due process claim, plaintiff must show, at a minimum, that a state actor deprived her of life, liberty, or a property interest. *See Shank v. Dressel*, 540 F.3d 1082, 1087 ("To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest."); *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) (a procedural due process claim requires a plaintiff to allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections"). Plaintiff has pleaded no such deprivation.

As for defendant Rice, plaintiff's allegations against him are insufficient to state a claim for violation of her constitutional rights because she has not alleged that Rice was acting under color of state law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Plaintiff's remaining claims allege violations of California law. Because the complaint fails to establish diversity jurisdiction, the court's jurisdiction depends on whether plaintiff asserts a claim arising under federal law.[1] *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must specifically allege diverse citizenship of all parties to invoke diversity jurisdiction). Since plaintiff has not stated a federal claim, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss those claims. *See* 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction over claim where "court has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

---

[1] The complaint alleges that all parties are domiciled in California. ECF No. 7 at 1.

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

In light of the second amended complaint's deficiencies and considering that plaintiff has already been given multiple opportunities to amend her complaint, I find that granting plaintiff another opportunity to amend would not cure the current complaint's deficiencies. I therefore recommend dismissal without leave to amend. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted).

Accordingly, it is hereby RECOMMENDED that:

1. The second amended complaint's federal claims be DISMISSED without leave to amend.

2. The court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 31, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE